# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 2, 2009

137908

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

                                                 SC: 137908
                                                 COA: 269739
                                                 Macomb CC: 2005-003002-FH

STEVEN JAMES HOCH,
      Defendant-Appellee.

_____/

      On November 4, 2009, the Court heard oral argument on the application for leave to appeal the October 30, 2008 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

      CORRIGAN, J. (*concurring*).

      I concur in the order denying leave to appeal. Nevertheless, I question the conclusion of the Court of Appeals that a new trial was required because the trial judge engaged in an ex parte communication with the jury during its deliberations. A trial judge's substantive communication with a jury may require reversal if that communication was ex parte. *People v France,* 436 Mich 138, 166 (1990). But, without regard to whether the communication here was substantive, I question the reflexive conclusion of the Court of Appeals that the trial court communicated with the jury on an ex parte basis.

      "Ex parte" generally means "[d]one or made at the instance and for the benefit of one party only, and without notice to, or argument by, any person adversely interested." Black's Law Dictionary (7th ed). MCR 6.414(B) provides that a trial court "may not communicate with the jury or any juror pertaining to the case without notifying the parties and permitting them to be present." Here, the record plainly does not show that defendant was not notified or went unrepresented during the communication. Rather, the trial judge forgot to turn on the recording equipment. The Court of Appeals broadly

assumed that the communication was ex parte merely because the judge's communication with the jury was not transcribed and because defendant's trial attorney was not present.

But, crucially, defendant *admitted* at the sentencing hearing that "[s]omebody else stood in" for his attorney, stating:

> [T]he jury sent a note out asking for further instructions on an inadvertent assault as the assault element for robbery. And I wasn't in here. I was kept in the holding cell. And I would just like you to—ask you what I—I was told by my—even my attorney wasn't here. Somebody else stood in. I have no idea who it was, but he said that you refused further instruction on inadvertent assault and I don't know what happened. If I don't ask you now, I'll never know as long as I live. And that's why I'm just askin' to be filled in a little bit on what happened on that.

In other words, it appears from the record that defendant was represented by "somebody" other than his trial attorney. Nothing in the record suggests that the "somebody" who stood in was anyone but a properly assigned substitute attorney. Indeed, neither defendant nor his attorney suggested that defendant was unrepresented during the communication or otherwise complained about the process. Rather, defendant requested additional information about the judge's remarks and reasoning, which the judge proceeded to give him.

Indeed, at the oral argument before this court, the appellate prosecutor confirmed that a second attorney represented defendant during the judge's communication with the jury, stating: "I'm certain there was a substitute." The appellate prosecutor stated that defense counsel at trial, Hugh Marshall, was unavailable when the jury requested clarification from the judge, so Marshall ensured that another attorney filled in and represented defendant during the communication. Marshall recalled that David Morelli was the attorney who agreed to fill in, but apparently Morelli had no specific recollection of the event.

The threshold problem in this case was simply that the record was incomplete because of the trial court's mistaken failure to comply with MCR 6.414(B), which requires the court to "ensure that all communications pertaining to the case between the court and the jury or any juror are made a part of the record." Normally, an appellant may cure such a defect by moving the trial court to certify a settled statement of facts to serve as a substitute for the transcript pursuant to MCR 7.210(B)(2).[1] Defendant

---

[1] MCR 7.210(B) provides in part:

> (2) Transcript Unavailable. When a transcript of the proceedings in the trial court or tribunal cannot be obtained from the court reporter or

observes, however, that he was unable to comply with the initial 14-day deadline provided by this rule because several months elapsed between the filing of the claim of appeal and the time when the trial court reporter confirmed that no transcript of relevant jury communication was available. Accordingly, at the oral argument before this Court, we asked the appellate prosecutor whether it would be appropriate to remand for reconstruction of the record under a process akin to that described in MCR 7.210(B)(2). The appellate prosecutor repeatedly declined this suggestion, stating that remand would be "needless" and "would not make any difference." He requested that this Court rely on the existent record to support his arguments on appeal.

An evidentiary hearing might establish, at a minimum, whether defendant was actually represented during the court's communication with the jury. The appellate prosecutor's comments at oral argument before this Court practically establish as much. Because this issue has not been developed on remand to the trial court, we cannot know what the collective memories and notes of the trial judge, attorneys, and potentially the jury foreperson might reveal. The trial judge may well be able to confirm that he contacted both parties when the jury requested further instruction and that both parties were represented by attorneys during the communication. At a minimum, the trial judge might shed light on his normal practices under such circumstances. If, on remand, the trial court could establish that defendant was properly represented by substitute counsel,

---

recorder, the appellant shall file a settled statement of facts to serve as a substitute for the transcript.

(a) Within 14 days after filing the claim of appeal, the appellant shall file with the trial court or tribunal clerk, and serve on each appellee, a proposed statement of facts. The proposed statement of facts must concisely set forth the substance of the testimony, or the oral proceedings before the trial court or tribunal if no testimony was taken, in sufficient detail to inform the Court of Appeals of the nature of the controversy and of the proceedings in the trial court or tribunal.

(b) The appellant shall notice the proposed statement of facts for prompt settlement before the trial court or tribunal. An amendment or objection to the proposed statement of facts must be in writing, filed in the trial court or tribunal before the time set for settlement, and served on the appellant and any other appellee.

(c) The trial court or tribunal shall settle any controversy and certify a statement of facts as an accurate, fair, and complete statement of the proceedings before it.

(d) The statement of facts and the certifying order must be filed with the trial court or tribunal clerk and a copy of the certifying order must be filed with the Court of Appeals.

the communication would not have been ex parte, and a primary reason underpinning the Court of Appeals order of reversal would be negated. Requiring an entire new trial under these circumstances—as opposed to remanding for an evidentiary hearing—seems to me a great waste of the taxpayers' resources.

Nonetheless, because the appellate prosecutor repeatedly insisted that a remand would be futile, we cannot confirm whether defendant was properly represented by substitute counsel. Accordingly, I feel constrained to concur in the order denying leave.

Finally, in light of defendant's apparent conundrum in presenting a full record on appeal to the Court of Appeals, I ask that this Court open an administrative file to consider whether the 14-day period listed in MCR 7.210(B)(2)(a) should be lengthened or modified in some manner to accommodate situations like that presented here. Perhaps the rule should be amended to allow for an extension of the period, either by the Court of Appeals or by stipulation of the parties, when appropriate. Defendant reasonably observes that many appellants cannot know within 14 days of the filing of the claim of appeal whether a necessary transcript is unavailable.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 2, 2009

Clerk

p1124